## Compromises of Prosecutions Under Licensing Laws

566

HARRY L. ROSSI, Deputy Attorney General, and THOMAS D. MCBRIDE, Attorney General, February 4, 1958.—You have requested a clarification of our opinion as stated in a Letter of Advice, dated February 20, 1939, addressed to Hon. Warren R. Roberts, then Auditor General of this Commonwealth, which is concerned in part with the application of the Act of July 1, 1937, P. L. 2667, 71 PS §354.1, which provides:

"Whenever any act of Assembly relating to the licensing or registration of persons engaged in professions, trades, and occupations in the Department of Public Instruction, or any board therein, is violated and prosecution therefor is brought by the Department of Public Instruction, such department is authorized and empowered, with the approval of the Department of the Auditor General and the Department of Justice, to compound, compromise, and settle, without further proceedings, any such prosecution before any justice of the peace, magistrate, or alderman before whom the said prosecution is being brought, upon the payment by each defendant of the minimum fine or penalty and costs provided for in the respective acts."

We stated in the said letter of advice that "under the practice as established by your department (Department of Auditor General) and this department, cases where the fine is, as in this case, that is a fine of not more than five hundred dollars ($500.00), such case cannot be compromised except upon the payment of five hundred dollars ($500.00)". The "fine" under discussion in said letter of advice is the fine imposed against persons who violate the provisions of the Optometry Act of March 30, 1917, P. L. 21, as amended, 63 PS §§231 to 244.

Since the date of said letter of advice and for some time prior thereto, your department, in effecting a compromise under the provisions of the Act of 1937, supra, has made a practice of accepting no less than the stated maximum fine set forth in a professional licensing law where only the maximum fine is stated and no expressed minimum amount appears. In addition, it has also been the practice of your department in compromise matters to accept no more or no less than the minimum fine where one is expressed in a professional licensing law.

In reviewing said letter of advice and the above stated practices of your department with respect to compromises under the Act of 1937, supra, we must affirm your right to compromise violations of the professional licensing laws in the manner stated if you so decide as a policy matter, dependent, of course, upon the continued approval of the Department of the Auditor General and the Department of Justice as required by the act. We believe, however, that this stated inflexible practice may promote hardship and injustice in a particular case and that the act does not bind or obligate your department to follow such practice.

In reviewing the various professional licensing laws, we find that they may be placed in three categories insofar as their penal provisions are concerned.

First, there are those professional licensing laws which provide for a stated maximum fine but no stated minimum fine [1] as in the case of the Optometry Act,

---

[1] The C. P. A. Law of May 26, 1947, P. L. 318, 63 PS §§9.1 to 9.16; The Dental Law of May 1, 1933, P. L. 216, as amended, 63 PS §§120 to 130b; Professional Engineers Registration Law of May 23, 1945, P. L. 913, 63 PS §§148 to 158; Optometry Act, supra (first offense) ; Beauty Culture Law of May 3, 1933, P. L. 242, as amended, 63 PS §§507 to 527; Chiropractic Registration Act of August 10, 1951, P. L. 1182, 63 PS §§601 to 624.

supra. In all but the Beauty Culture Law which provides for a stated maximum fine of $50, the stated maximum fine is $500. The Optometry Act, supra, also provides for additional fines for a second and subsequent violations.

Second, there are professional licensing laws which set forth stated minimum fines as well as stated maximum fines.[2]

Third, one licensing law, The Professional Nursing Law of May 22, 1951, P. L. 317, 63 PS §§211 to 225, provides for a stated minimum fine of $50 for the first offense without providing for a stated maximum fine; a stated minimum fine of $100 for a second or subsequent offenses with a stated maximum fine of $200.

The Act of July 1, 1937, supra, merely provides that if the Department of Public Instruction wishes to compromise and settle a case, the prosecution of which was instituted by said department for a violation of a professional or trade licensing or registration law, and prior to a disposition thereof by the justice of the peace, magistrate or alderman before whom the prosecution was brought, it may do so provided it obtains the approval of the Department of the Auditor General and the Department of Justice and further provided that the compromise shall not be less than the minimum fine or penalty and costs provided for in

---

[2] Architects Act of July 12, 1919, P. L. 933, as amended, 63 PS §§21 to 33; Medicines Act of April 4, 1929, P. L. 160, 63 PS §§171 to 176; Osteopathic Physicians Act of March 19, 1901, P. L. 46, 63 PS §§261 to 271; Pharmacists Act of May 24, 1887, P. L. 189, as amended, 63 PS §§291 to 387; Medical Practice Act of June 3, 1911, P. L. 639, as amended, 63 PS §§401 to 418; Real Estate Brokers License Act of May 1, 1929, P. L. 1216, 63 PS §§431 to 448; The Veterinary Law of April 27, 1945, P. L. 321, 63 PS §§506-1 to 506-11; Barbers Act of June 19, 1931, P. L..589, 63 PS §§551 to 567; Optometry Act, supra (second and subsequent offenses).

the professional or trade licensing or registration law. This act does not prohibit the Department of Public Instruction from compromising a given case for an amount greater than the stated minimum; it merely directs the department not to compromise a given case for less than the minimum amount and costs. Of course, in no case can the compromise amount be greater than the stated maximum fine.

The intention of the legislature may be ascertained by considering section 51 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §551, which provides:

, ". . . (1) the occasion and necessity for the law; . . . (4) the object to be attained; . . ."

The Act of 1937, supra, was designed to penalize persons who have been charged with the violation of the professional or trade licensing or registration laws and, at the same time, avoid, where feasible and in the interest of the public, prolonged and expensive litigation. The interest of the public and of justice, however, cannot be aided unless all of the attending circumstances surrounding an alleged violation are taken into consideration. Thus, the nature and extent of the violation, its seriousness and consequences, actual or probable recidivism and extenuating circumstances should be taken into account. Doing so, you may be able to determine a proper reflective and fair compromise amount which falls between the minimum and maximum fines where both are specified, and in so doing still meet the occasion, necessity and the object of the Act of 1937.

In those cases where the particular licensing law states a maximum fine but does not expressly state a minimum fine, the necessary implication and conclusion is that the minimum fine thereunder is the small-

est monetary amount available in relation to the maximum fine and, consequently, you are authorized to compromise a violation thereunder for any amount not less than the minimum and not more than the maximum fine.

With respect to The Professional Nursing Law, supra, which provides a stated minimum fine for the first offense but no stated maximum fine, you may compromise a first offense for an amount between the stated minimum fine thereunder and the stated minimum fine for second or subsequent offenses.

It is, therefore, our opinion and you are accordingly advised: (1) That the Department of Public Instruction, subject to and under the provisions of the 1937 act, supra, has the authority to compromise and settle prosecutions for amounts ranging from the stated minimum fine to the stated maximum fine where both are provided in the particular licensing or registration law; (2) that where there exists a stated maximum fine but no stated minimum fine, the department has the authority to compromise and settle a prosecution for any amount up to and including the stated maximum fine; (3) that in the case of The Professional Nursing Law, supra, the department has the authority to compromise and settle a prosecution for a first offense thereunder for an amount ranging from the minimum fine stated for the first offense to the minimum fine stated for a second or subsequent offenses; (4) that all such compromises are subject to the approval of the Department of the Auditor General and the Department of Justice; and (5) that all such compromises must also be accompanied by the payment of costs by the person charged with a violation. To the extent that it is in conflict with this advice, the Letter of Advice of February 20, 1939, is hereby overruled.